UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RIVER HOUSE PARTNERS, LLC                                CIVIL ACTION

VERSUS                                                   NO. 15-58-BAJ-RLB

GRANDBRIDGE REAL ESTATE
CAPITAL LLC

## ORDER

Before the Court is the parties' Joint Motion for Reconsideration and In Response to Court's June 1, 2016 Order. (R. Doc. 54).

On May 24, 2016, the parties filed a Joint Motion to Amend Scheduling Order. (R. Doc. 50). Through that motion, the parties sought extensions of all remaining deadlines through the filing of dispositive motions and *Daubert* motions by approximately 2-3 months, including a request that the fact discovery deadline be extended to December 31, 2016 for the purpose of conducting depositions.[1]

The Court denied the full relief requested and granted certain modest extensions, including extensions of the deadline to complete all non-expert depositions and file related motions to September 30, 2016 and the deadline to file dispositive motions and *Dabuert* motions to January 16, 2017. (R. Doc. 53 at 3).

The parties now request an extension of the non-expert discovery deadline (for the purposes of both completing written discovery and depositions) to December 31, 2016. That would place the deadline to complete non-expert discovery after the current December 15, 2016 deadline to complete expert discovery.

---

[1] The parties specifically requested that the deadline to file discovery motions "based on document discovery" to remain on "August 31, 201[6]." (R. Doc. 50 at 2).

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). The Scheduling Order informed the parties that "[j]oint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically" and that "[e]xtensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery." (R. Doc. 33 at 2).

In support of a finding of good cause, the parties state that they have been diligently conducting discovery and have, among other things, "(a) identified their internal document custodians and gathered relevant records; (b) propounded multiple sets of discovery requests on each other, responding and objecting to same; (c) reviewed and produced tens of thousands of pages of their own records; (d) identified third parties playing a role in the subject development, and issued subpoenas and other requests, seeking records from these individuals and/or entities; and (e) repeatedly engaged in discovery conferences in an effort to avoid disputes requiring court intervention." (R. Doc. 54 at 1-2). The parties assert that while they "have spent months on these tasks (and more), the current discovery schedule does not leave enough room to complete document productions (especially from third parties), review those productions (which total tens

of thousands of pages and are not yet complete), and engage in the necessary depositions." (R. Doc. 54 at 2).

Based on the representations of the parties, and the record, the Court finds good cause for extending the deadline to complete non-expert discovery as requested. The previously amended deadlines, including the deadline to file dispositive motions and *Daubert* motions of January 16, 2017, will remain as ordered.

Based on the relief requested, fact discovery would continue for approximately two weeks after the close of expert discovery. The Court will therefore extend the expert discovery deadline as well so that all discovery will end at the same time. The Court notes that by granting the extension, the non-expert and expert discovery deadlines will be coterminous. The Court will not be inclined to grant extensions of the expert discovery deadline on the sole basis that non-expert discovery has only just been completed. The parties should plan accordingly.

**IT IS ORDERED** that the Joint Motion (R. Doc. 54) is **GRANTED**. In accordance with Federal Rule of Civil Procedure 16(b), the following deadlines are established.

1. Deadline to complete all discovery, both fact and expert: **December 31, 2016.**

All other deadlines remain as previously ordered.

Signed in Baton Rouge, Louisiana, on June 15, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**