UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RIVER HOUSE PARTNERS, LLC                         CIVIL ACTION

VERSUS

GRANDBRIDGE REAL ESTATE                   NO.; 15-00058-BAJ-RLB
CAPITAL LLC

## RULING AND ORDER

Before the Court is Defendant Grandbridge Real Estate Capital LLC's ("Grandbridge") **Motion to Certify Interlocutory Review and Grant a Stay in Proceedings (Doc. 187)**. Plaintiff River House Partners, LLC ("River House") opposes the motion. (Doc. 204). Grandbridge filed a Reply. (Doc. 227). For the reasons that follow, Grandbridge's Motion is **DENIED**.

### I. BACKGROUND

River House initiated this action over the alleged failure of Grandbridge to secure a loan insured by the Department of Housing and Urban Development ("HUD") for construction and permanent financing of a multi-family commercial and residential development in Baton Rouge. (Doc. 1-2 at p. 2). River House was founded in 2009 in order to acquire and develop a parcel of land in Baton Rouge into a mixed-use development. (Doc. 98-1 at ¶ 10). River House engaged Grandbridge to secure a HUD-insured loan. (Doc. 98-1 at ¶ 11). According to River House, a May 2009 written lending application agreement ("the Agreement") bound Grandbridge to work on

River House's behalf to secure the loan. (Doc. 1-2 at p. 2). In January 2010, Grandbridge submitted a pre-application package to HUD. (Doc. 98-1 at ¶ 24). In 2012, HUD issued a Conditional Commitment for mortgage insurance for the River House project. (Doc. 98-1 at ¶ 34). River House accepted the HUD Conditional Commitment in November of 2012. (Doc. 98-1 at ¶38). After a number of extensions to close the transaction were granted, HUD issued its final extension that ran through December 11, 2013. (Doc. 112-2 at ¶¶ 45, 52). On February 27, 2014, HUD sent a letter to Grandbridge terminating the Conditional Commitment. (Doc. 98-1 at ¶ 56).

River House argues that Grandbridge lost a firm commitment made by HUD to insure a loan for the development due to its submission of inaccurate and untimely materials, and its repeated failure to act. (Doc. 112 at pp. 2–3) As a result, River House asserts that it had to secure a conventional loan for the project on terms significantly less favorable than the HUD-guaranteed loan. (Doc. 1-2 at p. 2). It also alleges that it suffered construction delays and increased costs. (Doc. 1-2 at p. 2).

On August 31, 2017, this Court issued an order denying Grandbridge's Motion for Summary Judgment, finding that the Louisiana Credit Agreement Statute ("LCAS") did not operate to bar River House's Claims. (Doc. 173). Grandbridge seeks to have that ruling certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Doc. 187).

## II. LEGAL STANDARD

To certify a ruling for interlocutory appeal, "the court must find that the interlocutory decision (1) involves a controlling question of law as to which (2) there is a substantial ground for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *La. Generating, L. L. C. v. Ill. Union Ins. Co.*, Nos. 10-cv-516-JJB-SCR, 10-cv-835-JJB-DLD, 2012 WL 1752685, at *1 (M.D. La. May 16, 2012) (citing § 1292(b)). The Fifth Circuit strictly construes the requirements of Section 1292(b). *Ala. Labor Council v. Alabama*, 453 F. 2d 922, 924 (5th Cir. 1972). "[R]esolution of an issue need not necessarily terminate an action in order to be controlling . . . . Whether an issue of law is controlling usually 'hinges upon its potential to have some impact on the course of the litigation.'" *United States v. La. Generating L.L.C.*, No. 09-cv-100-JJB, 2012 WL 4588437, at *1 (M.D. La. Oct. 2, 2012) (internal citations omitted). A substantial ground for difference of opinion "usually only arises out of a genuine doubt as to the correct applicable legal standard relied on in the order." *Prop. One, Inc. v. US Agencies, L.L.C.*, 830 F. Supp. 2d 170, 182-83 (M. D. La. 2011).

## III. DISCUSSION

Grandbridge seeks review of three issues: (1) whether the LCAS may prohibit a claim for breach of fiduciary duty against a mortgage lender that is the wholly-owned subsidiary of a bank; (2) whether the LCAS may prohibit the breach of contract and negligence claims of a would-be borrower; and (3) whether a loan application can serve as an agency agreement as a matter of Louisiana law. (Doc. 187 at p. 1). First,

3

the Court notes that Grandbridge is not required to identify the precise questions for which it seeks review, as district courts do not certify "questions" for the court of appeals upon the grant of a § 1292(b) motion. *See Linton v. Shell Oil Co.*, 563 F.3d 556, 557 (5th Cir. 2009) ("[S]ection 1292(b) authorizes certification of orders for interlocutory appeal, not certification of questions.").

It is a close issue whether the requested appeal involves a "controlling question of law." *See* § 1292(b). Grandbridge seeks review of three distinct legal questions, none of which will terminate the litigation. Even so, the legal questions all have major implications for Grandbridge's potential liability. However, the answer to at least two of those questions depend on fact-specific issues of contract interpretation that have yet to be fully developed at trial.

Other courts have determined that the LCAS applies to bar fiduciary duty claims against institutions not squarely covered under Louisiana Revised Statutes section 6:1124. *See e.g., Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, 56 F. Supp. 2d 694, 703 (E.D. La. 1999) (dismissing fiduciary duty claims against a car manufacturer's financial subsidiary based on the LCAS). However, this Court considered those other decisions and rejected their rulings, finding that the cases were distinguishable. (*See* Doc. 173 at pp. 5–6). Disagreement with the district court's ruling is insufficient to establish a substantial ground for a difference of opinion. *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 724 (N. D. Tex. 2006).

Finally, this Court cannot conclude that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C.

§ 1292(b). Discovery in this case has been completed and the parties are prepared for trial. Importantly, Grandbridge's ultimate liability will turn not solely on the applicability of the LCAS, but also on factual determinations that have yet to be made. At this stage in the litigation, the best way for the Court to ensure the ultimate termination of this litigation is by developing a full factual record at trial, so that any appeal will have the benefit of a complete record.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Grandbridge's Motion to Certify Interlocutory Review and Grant a Stay in Proceedings (Doc. 187) is **DENIED**.

Baton Rouge, Louisiana, this 20th day of September, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

5