UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RIVER HOUSE PARTNERS, LLC**                                CIVIL ACTION

**VERSUS**

**GRANDBRIDGE REAL ESTATE CAPITAL LLC**                      NO.; 15-00058-BAJ-RLB

## RULING AND ORDER

Before the Court are the **Joint Motion to Vacate and Withdraw the Ruling and Order Regarding Summary Judgment and Ruling and Order Regarding Motions in Limine (Doc. 248)** and the **Joint Motion to Dismiss with Prejudice (Doc. 250)**. For the following reasons, the motions are **GRANTED**.

### I. BACKGROUND

River House Partners, LLC initiated this action over the alleged failure of Grandbridge Real Estate Capital LLC (Grandbridge) to secure a loan insured by the Department of Housing and Urban Development ("HUD") for construction and permanent financing of a multi-family commercial and residential development in Baton Rouge. (Doc. 1-2 at p. 2).

On August 31, 2017, this Court issued an order denying Grandbridge's motion for summary judgment. (Doc. 173). On September 26, 2017, the Court issued a ruling on a motion in limine concerning Grandbridge's proposed expert witnesses. (Doc. 230). Ultimately, the parties resolved their dispute after a settlement conference

with the Magistrate Judge. (Doc. 239). As part of that settlement, the parties agreed to file motions to vacate the Court's opinions on the motion for summary judgment (Doc. 173) and the motion in limine (Doc. 230). (*See* Doc. 248).

## II. LEGAL STANDARD

A district court should not vacate a ruling pursuant to a settlement except in "exceptional circumstances." *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994). Ordinarily, the mere fact that both parties agree to vacate the ruling is not sufficient to show "exceptional circumstances." *See id.* However, vacatur is at its core an equitable remedy "to be determined on a case-by-case basis, governed by facts and not inflexible rules." *Staley v. Harris Cnty., Tex.*, 485 F.3d 305, 310 (5th Cir. 2007) (en banc). When deciding whether vacatur is warranted, the United States Court of Appeals for the Fifth Circuit has considered the following non-exclusive factors: (1) whether the party moving for vacatur caused the mootness; (2) whether a party has obtained full relief in the district court; (3) whether the mootness is permanent or temporary; (4) whether the litigation has the potential to impact third parties; (5) the precedential value of the opinion; and (6) the public interest. *Id.* at 312–14.

Although the Fifth Circuit has not expressly answered what constitutes "exceptional circumstances" when parties request vacatur as part of a settlement agreement, the Eleventh Circuit recently addressed that issue. *See Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 828 F.3d 1331, 1333 (11th Cir. 2016). The Eleventh Circuit held that "two unusual features" of a settlement "tipped the

2

scales decisively in favor of vacating the District Court's orders in dispute." *Id.* at 1336. First, the parties agreed to settle only after the parties had twice been ordered to mediate, and second, the settlement agreement was expressly conditioned on vacatur. *Id.*

## III. DISCUSSION

After weighing the equities in this case, the Court finds that the equities favor vacatur. The Court never issued a final judgement in this case and was prepared to try a lengthy bench trial; therefore, neither party had obtained full relief by its orders. The settlement agreement will permanently end the litigation, and no third parties will be impacted by the vacatur. Although there may be some precedential value to the Court's ruling on certain legal issues in the summary judgment motion, this is just one factor, and it does not outweigh the other equitable considerations. Moreover, the ruling on the motion in limine is fact-bound and has little precedential value. The parties in this case had already failed to resolve their dispute in mediation, and it was only after this Court prompted the parties to return to mediation—and through the herculean efforts of the Magistrate Judge—that the case settled. Finally, the settlement was *expressly* contingent on vacatur of the two rulings, similar to *Hartford*. *See Id.* at 1336. Therefore, the Court finds that "extraordinary circumstances" are present to justify vacatur.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Joint Motion to Vacate and Withdraw the Ruling and Order Regarding Summary Judgment and Ruling and Order Regarding Motions in Limine (Doc. 248) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall vacate and withdraw the Court's summary judgment order (Doc. 173) and the Court's order on the motion in limine (Doc. 230).

**IT IS FURTHER ORDERED** that the motion to dismiss with prejudice (Doc. 250) is **GRANTED**.

Baton Rouge, Louisiana, this 8th day of February, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**